IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01054-BNB

JOHNN A. VIDMAR,

    Plaintiff,

v.

DEPUTY S. STEINMAN,
DEPUTY STILES, and
JEFFERSON COUNTY SHERIFF'S DEPARTMENT, DETENTION FACILITY,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff Johnn A. Vidmar currently is detained at the Jefferson County Detention Center in Golden, Colorado. Mr. Vidmar, acting *pro se*, initiated this action by filing a Complaint alleging that his constitutional rights have been violated. The Complaint was deficient. Magistrate Judge Boyd N. Boland instructed Mr. Vidmar to cure the deficiency by filing his claims on a current Court-approved form used in filing prisoner complaints, which he did on June 1, 2010.

The Court must construe the Prisoner Complaint liberally because Mr. Vidmar is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Vidmar will be ordered to file an Amended Prisoner Complaint.

The Court has reviewed the Prisoner Complaint and finds that it is deficient. Mr. Vidmar may not sue the Jefferson County Sheriff's Department or Detention Facility,

because they are not separate entities from Jefferson County and, therefore, are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Department or the Detention Facility must be considered as asserted against Jefferson County.

In addition, municipalities and municipal entities, such as Jefferson County, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Vidmar cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Vidmar also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Vidmar must name and show how each named defendant caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.

*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Vidmar, therefore, will be directed to file an Amended Prisoner Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violation. In order for Mr. Vidmar to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Vidmar file an Amended Prisoner Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Vidmar, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Vidmar fails to file an Amended Prisoner Complaint within the time allowed the action will be dismissed without further notice.

DATED at Denver, Colorado, this 7th day of July, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01054-BNB

Johnn A. Vidmar, Jr.
5425 Nolan St.
Arvada, CO 80002

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** form to the above-named individuals on 9/7/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk