IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01054–LTB–KMT

JOHN A. VIDMAR,

    Plaintiff,

v.

DEPUTY S. STEINMAN, and
DEPUTY STILES OF THE JEFFERSON COUNTY SHERRIFFS DEPTMANT

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendants' Motion to Dismiss." (Doc. No. 28 [Mot.], filed September 14, 2010.) Plaintiff did not respond. The matter is ripe for review and recommendation.

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Amended Prisoner Complaint (Doc. No. 17 [Amend. Compl.], filed July 26, 2010). At the time of the events in question, Plaintiff was an inmate, housed in a maximum security unit at the Jefferson County Detention Center. He alleges that, on December 27, 2008, two inmates entered his cell and attacked him. He was "grabbed, choked, [and] knocked unconsious [sic] for aprox [sic] 27 min." (Amend. Compl. at 7.) When he woke up, he was "choking on blood, needed 9 stitches in mouth, [and] loss [sic] tooth." (*Id.*)

Also, when he woke up, "40.00 and $ of canteen was missing/stolen." (*Id.*) He claims that, when his mother was notified, she had a minor seizure because she misunderstood the phone call and thought Plaintiff had received forty stitches. Since then, she has suffered emotional damage and mental problems.

According to Plaintiff, the Sheriff's department pressed charges against the two inmates who attacked him. As a result, Plaintiff was "labeled a snitch by affiliated gang members" (*id.* at 8) who made several threats against him causing him to fear for his life. His family was also in fear of contact from gang members affiliated with the individuals involved in the incident.

Plaintiff claims that the cells are electronically operated by the Sheriff's deputies, who are "obligated to monitor the entry into cells" to maintain inmate security in the maximum security unit. (*Id.* at 3.) Plaintiff alleges that "due to neglecting this responsibility, [his] life and security were endangered." (*Id.*) Plaintiff asserts he suffered "extreme paranoia, mental and phycal [sic] damage, doctor treatment needed and monetary loss." (*Id.* at 8.) He seeks monetary compensation, medical assistance and relief for time lost and family suffering.

Defendants move to dismiss Plaintiff's complaint on the grounds that it fails to state a claim upon which relief may be granted and is barred by qualified immunity. (Mot. at 1.)

## STANDARD OF REVIEW

**A.     Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**B.**     *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

## ANALYSIS

Defendants construe Plaintiff's Amended Complaint as alleging an Eighth Amendment failure to protect claim. Construing Plaintiff's complaint liberally, the court agrees.

The Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Id.* at 834. The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows the defendants acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of the inmate's life. *See Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992); *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988).

Deliberate indifference is a higher standard than either simple negligence or heightened negligence. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 10 (1997). "Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). Negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer*, 511 U.S. at 835. Moreover, the Supreme Court has expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known or should have known of a risk of harm. *Farmer*, 511 U.S. at 837-38; *see also Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).

Deliberate indifference has both an objective and a subjective component. Thus, to establish a cognizable Eighth Amendment claim for failure to protect, an inmate must show, "first, []he is incarcerated under conditions posing a substantial risk of serious harm, and, second, that officials had a sufficiently culpable state of mind." *Gonzales*, 403 F.3d at 1186 (citing *Farmer*, 511 U.S. at 834). The subjective component requires that the official "know of and disregard an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff has not pled facts to state a claim for failure to protect under the Eighth Amendment. He has not alleged that he was incarcerated under conditions posing a substantial risk of serious harm. *Id.* at 834. The mere fact of being housed in a maximum security unit does not constitute a condition imposing a substantial risk of serious harm. Nor has he alleged that Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. *Id.* at 837. Plaintiff alleges that "Deputy Steinman and Deputy Stiles were employees at Jefferson County Detention Facility in 6D, a maximum security unit in the jail in which the deputies are obligated to monitor the entry into cells which are controlled electronically by the deputys [sic]. Due to neglecting this responsibility my life and security were endangered." (Amend. Compl. at 3.) Negligent failure to protect is not actionable under the Eighth Amendment. *Farmer*, 511 U.S. at 837-38. Plaintiff also asserts, "Due to incompetency, unprofessionalism and lack of procedures being followed by Deputy S. Steinman, Deputy Stiles [sic]." This is not an allegation of

deliberate indifference. Accordingly, the court finds that Plaintiff has failed to state a claim for failure to protect under the Eighth Amendment.

Defendants also assert the defense of qualified immunity. The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Although qualified immunity is most often raised at the summary judgment stage, the Tenth Circuit has recognized the propriety of raising a qualified immunity defense in a motion to dismiss. *See Pueblo Neighborhood Health Ctr., Inc. v. Losavio*, 847 F.2d 642, 645-46 (10th Cir. 1988). Whether raised on summary judgment or by motion to dismiss, once asserted, the burden shifts to the plaintiff to establish 1) that the defendant's actions violated a federal constitutional or statutory right and 2) that the federal right was clearly established at the time of the challenged conduct. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1196 (10th Cir. 2010); *see also Losavio*, 847 F.2d at 646. While the plaintiff bears this burden, at the motion to dismiss stage, well-pleaded factual allegations are taken as true, although the court must consider whether they plausibly give rise to a claim for relief. *Weise v. Casper*, 593 F.3d 1163,1166 (10th Cir. 2010). Moreover, "once the defense has been raised, the court must allow the plaintiff the limited opportunity allowed in Fed. R. Civ. P. 12(b)(6) and 56 to come forward with facts or allegations

sufficient to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred." *Losavio*, 847 F.2d at 646.

Because Plaintiff has not alleged facts to state an Eighth Amendment failure to protect claim, he has not established that Defendants' actions violated any federal constitutional or statutory right. Moreover, since the Supreme Court's decision in *Farmer* in 1994, it has been clearly established that negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. Because Plaintiff asserts negligence on the part of Defendants, he has not shown that Defendants' actions violated a federal right that was clearly established at the time of the incident in 2008. Plaintiff did not respond to Defendants' assertion of qualified immunity with facts or allegations sufficient to show that Defendants' alleged conduct violated law that was clearly established at the time of the alleged violation. Accordingly, Defendants are entitled to qualified immunity.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion to Dismiss" (Doc. No. 28) be GRANTED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of March, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge